United States District Court
Southern District of Texas
FILED
JAN 2 6 2016
Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GERARDO CRUZ | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. M-13-458 |
| | § | |
| | § | |
| OFFICER IBARRA, et al. | § | |
| Defendants | § | |

## REPORT & RECOMMENDATION

Plaintiff, a former detainee proceeding pro se and in forma pauperis ("IFP"), tendered this instant civil rights complaint, in conjunction with his application to proceed IFP, in November 2011. (Dkt. Entry No. 1 at 10.) This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). Pursuant to the prisoner litigation and IFP screening statutes, no service of process has occurred, and no answer has been filed. This case is ripe for disposition on the record.

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's claims be **DISMISSED** without prejudice for want of prosecution and the case be closed.

### I. BACKGROUND

Plaintiff filed this civil rights action in November 2011 against the East Hidalgo Detention Center in La Villa, Texas, as well as against three of its officers and the Warden and Department Warden for the facility.[1] (Dkt. Entry No. 1 at 3.) Plaintiff is proceeding pro se.

---

[1] A month prior, Plaintiff filed a civil rights complaint in the Brownsville Division, in which he raised claims about the conditions of his confinement and the medical treatment he

1

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (explaining that pro se pleadings are held to less stringent standards than those drafted by attorneys). Plaintiff asserts non-specific civil rights claims arising out of an alleged incident involving Officer Ibarra and two unnamed officers in February or March 2008 while Plaintiff was being held at the East Hidalgo Detention Center.[2] (Dkt. Entry No. 1 at 4.) Plaintiff alleges that he was showing a handkerchief, on which Plaintiff had made a drawing, to a detainee in the cell adjacent to him when Officer Ibarra took the handkerchief drawing, declaring it to be "contraband." (*Id.*) The day after that, Plaintiff alleges he was assaulted by Officer Ibarra in a seemingly invasive manner in or around Plaintiff's buttocks area (perhaps with a hand covered by a latex glove, although Plaintiff is not entirely clear about this). (*Id.* at 6–7.) Upon being assaulted, and feeling enraged and disgusted, Plaintiff says that he swung at Officer Ibarra and tried to kill him with the first swing, and the two scuffled a bit in the cell, then in the hallway. (*Id.* at 7.) Plaintiff alleges that two officers arrived in response to the scuffle and tackled Plaintiff to the ground. (*Id.*) The two officers moved Plaintiff back into the cell from the hallway, and they held him down while Officer Ibarra repeatedly struck Plaintiff's face. (*Id.* at 8.) Plaintiff states that he was taken to the infirmary not long after, where they took pictures of the bruises Plaintiff incurred from the facial beating. (*Id.*) He alleges that an (unidentified) officer involved in the incident told another officer, who inquired about what had happened, that Plaintiff had attacked

---

received while he was housed in Willacy County, Texas. (*See* B-11-207.)

[2] Plaintiff concedes that he is bringing his claims about three and a half years after the alleged incident. By all appearances, his civil rights claims are untimely under the relevant statute of limitations of two years under Texas law. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 576–77 (5th Cir. 2001).

2

Officer Ibarra. Plaintiff would like to be compensated for his physical, mental, and emotional "distress." (*Id.* at 4.)

Plaintiff tendered his complaint in November 2011, when he filed his application to proceed IFP. At that time, the case was opened as miscellaneous action number M-11-040. In August 2013, the IFP application was granted, and this instant civil action was opened. In April 2014, Plaintiff filed a notice of change of address, listing a residence in Mission, Texas, as his new address. (Dkt. Entry No. 5.) In October 2014, an order was sent to the new address in Mission, but it was returned to the clerk of the Court as "undeliverable" (Dkt. Entry No. 7.) Plaintiff has not communicated with the Court about his case since April 2014, when he filed the change of address. In November 2015, the undersigned issued an order directing Plaintiff to file a statement indicating whether or not he still desires to pursue this action. (Dkt. Entry No. 8.) That order was returned to the clerk of the Court as "undeliverable." (Dkt. Entry No. 9.)

## II. DISCUSSION

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)); *see* FED. R. CIV. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629-31.

The record supports the conclusion that Plaintiff has failed to prosecute his case and that dismissal without prejudice is appropriate. Plaintiff has not communicated with the Court since April 2014, when he filed a notice of change of address. The court documents being sent to the updated address are being returned as "undeliverable." Plaintiff has not provided a valid,

current address to the clerk of the Court as required by the Local Rules. The combination of Plaintiff's failure to update his address and total lack of contact with the Court for over a year and a half strongly suggests that Plaintiff has lost interest in pursuing this instant action and provides an adequate basis for dismissal without prejudice. Any lesser sanction would be futile at this point because there is no way to correspond with Plaintiff due to his failure to maintain a current address with the Court. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant failed to maintain contact with the court); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (supporting dismissal without prejudice for failing to keep the court apprised of a current address, in part, because it was the least drastic sanction where any attempt to provide further notice would be a futile gesture). For these reasons, the undersigned concludes that Plaintiff's claims should be dismissed without prejudice for want of prosecution.

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Plaintiff's claims be **DISMISSED** without prejudice for want of prosecution and the case be closed.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written

objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

**DONE** at McALLEN, Texas, this 26th day of January, 2016.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE